**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

|  |  |
|---|---|
| SOLV WELLNESS, INC. and PHARMATOKA SAS,<br><br>Plaintiffs,<br><br>v.<br><br>DOES 1-10,<br><br>Defendants. | CASE NO.<br><br><br><br>**FILED *EX PARTE* AND UNDER SEAL** |

**PLAINTIFFS' EMERGENCY *EX PARTE* MOTION FOR (A) TEMPORARY RESTRAINING ORDER; (B) ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION; (C) ASSET FREEZE ORDER; (D) EXPEDITED DISCOVERY ORDER; AND (E) SERVICE BY ELECTRONIC MAIL**

Plaintiffs Solv Wellness, Inc. ("Solv Wellness") and Pharmatoka SAS ("Pharmatoka") (collectively, "Plaintiffs") have contemporaneously filed a Complaint in the above-styled action requesting relief from Defendants' ongoing operation of counterfeit medical supplements to treat urinary tract infections which threatens public health and infringes upon Plaintiffs' registered trademarks ELLURA and SOLV WELLNESS (collectively, "Plaintiffs' Marks"). As detailed further in the Complaint and in the Memorandum filed herewith, Plaintiffs have filed an Emergency *Ex Parte* Motion to, among other things, (i) protect Plaintiffs' trademark rights; (ii) protect the public from consuming an unknown and counterfeit substance posing as the legitimate ELLURA by SOLV WELLNESS supplement

1

sold by Plaintiffs; (iii) ensure Plaintiffs suffer no further irreparable injury; (iv) maintain the status quo until such time as this case is successfully resolved; and (v) maximize the likelihood that relevant evidence is preserved, Plaintiffs Emergency *Ex Parte* Motion requests the following preliminary equitable relief against the Defendants:

A. **<u>Temporary Restraining Order/Show Cause Order</u>** - Plaintiffs seek an immediate *ex parte* temporary restraining order ("TRO") against Defendants under Rule 65 of the Federal Rules of Civil Procedure to ensure that the public and Plaintiffs suffer no further irreparable injury by Defendants' manufacture, distribution, advertisement, and sale of counterfeit goods that infringe upon Plaintiffs' registered trademarks. Plaintiffs seek an Order enjoining and restraining Defendants, and any of their agents, servants, employees, confederates, and attorneys, and any persons acting in concert or participation with Defendants, from directly or indirectly:

  (i) using any of Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' Marks in connection with the manufacturing, sale, offering for sale, or distribution of cranberry supplement products in the United States;

  (ii) using any of Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' Marks in any

2

manner likely to cause others to believe that Defendants' products are connected with Plaintiffs or are genuine SOLV WELLNESS or ELLURA products, if they are not;

(iii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine SOLV WELLNESS or ELLURA merchandise as and for genuine SOLV WELLNESS or ELLURA merchandise;

(iv) making any false or misleading statements regarding Plaintiffs, Defendants or Plaintiffs' respective goods, or the relationship between Plaintiffs and Defendants;

(v) committing any other acts calculated to cause purchasers to believe that Defendants' products are genuine SOLV WELLNESS or ELLURA products, if they are not;

(vi) importing, shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving or disposing of in any manner such supplements or packaging falsely bearing one or more of Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

3

(vii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (vi).

An *ex parte* TRO is not only appropriate here, but necessary to preserve the status quo and to ensure that evidence of Defendants' wrongdoing is not altered, removed or otherwise destroyed. As explained in the accompanying Memorandum of Law, Plaintiffs are likely to prevail on their claims in this action and show that there is a substantial threat of further irreparable injury if the TRO is not granted, that the balance of hardships falls in Plaintiffs' favor, and that the public interest would be served if a TRO were granted.

B. **Expedited Discovery Order** – Plaintiffs seek an order authorizing expedited discovery. As set forth in the supporting memorandum and declarations, Defendants are using fake addresses and other account information to mask their identities. Expedited discovery is necessary to obtain more detailed account information from UPS and Walmart, and from any additional financial institutions receiving money from the sale of these goods, to more specifically identify Defendants.

C. **Asset Freeze Order** – Plaintiffs seek an Order freezing Defendants' assets to prevent Defendants from moving, transferring, and/or hiding the illicit profits they obtained through their unlawful counterfeiting activities.

ACTIVE 709903426v4

**D. Service Through Email** – Plaintiffs seek an Order permitting service on Defendants through their only known legitimate conduit of communication—the email addresses associated with the Walmart.com seller storefronts.

The specific order sought by Plaintiffs is set forth in Plaintiffs' [Proposed] *Ex Parte* Order Granting Temporary Restraining Order, Order to Show Cause for Preliminary Injunction, Asset Freeze Order, Order Expediting Discovery, and submitted herewith.

Plaintiffs support this Application with the accompanying Memorandum of Law, the Declarations of Jana Hubbell and Winnifred Haesaerts-Texier, and on such other evidence and arguments as the Court may consider.

Respectfully submitted,

Dated: April 24, 2025

By:    */s/ Steven J. Rosenwasser*
Steven J. Rosenwasser
Georgia Bar No. 614908
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road NE #2500
Atlanta, GA 30305
Telephone: (678) 553-2100
Steven.Rosenwasser@gtlaw.com

Cameron M. Nelson
*Pro Hac Vice* Admission to be Sought
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400

NelsonC@gtlaw.com

Alyssa O. Johnston
*Pro Hac Vice* Admission to be Sought
GREENBERG TRAURIG, LLP
2200 Ross Ave., Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3735
JohnstonA@gtlaw.com

*Attorneys for Plaintiff Solv Wellness, Inc.*

By:   */s/ Elizabeth G. Borland*
      Elizabeth G. Borland
      Georgia Bar No. 460313
      eborland@sgrlaw.com
      Anthony L. Cochran
      Georgia Bar No. 172425
      acochran@sgrlaw.com
      SMITH, GAMBRELL & RUSSELL, LLP
      1105 W. Peachtree St. NE, Suite 1000
      Atlanta, GA  30309
      Telephone: 404-815-3645

      *Attorneys for Plaintiff Pharmatoka SAS*

ACTIVE 709903426v4

## CERTIFICATE OF TYPE LIMITATION

Counsel for Plaintiffs hereby certify that this document was prepared with 14 point Times New Roman font, as permitted by Local Rule 5.1 of this Court's Local Rules.

/s/ Steven J. Rosenwasser
Steven J. Rosenwasser

ACTIVE 709903426v4