**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SOLV WELLNESS, INC. and PHARMATOKA SAS,<br><br>    Plaintiffs,<br><br>v.<br><br>DOES 1-10,<br><br>    Defendants. | CASE NO.<br><br><br><br>**FILED *EX PARTE* AND UNDER SEAL** |

**[*PROPOSED*] ORDER GRANTING TEMPORARY RESTRAINING ORDER, ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION, EXPEDITED DISCOVERY, ASSET FREEZE, AND SERVICE BY ELECTRONIC MAIL**

Plaintiffs Solv Wellness, Inc. ("Solv Wellness") and Pharmatoka SAS ("Pharmatoka") (collectively, "Plaintiffs") have moved for a temporary restraining order, expedited discovery, and an order to show cause for preliminary injunction pursuant to Federal Rule of Civil Procedure 65 and Section 34(a) of the Lanham Act (15 U.S.C. § 11169(a)). Plaintiffs allege that Defendants operate a scheme of manufacturing, advertising, offering for sale, and selling counterfeit medical supplements to treat urinary tract infections which seriously threatens public health and infringes upon Plaintiffs' registered trademarks—ELLURA and SOLV WELLNESS (collectively, "Plaintiffs' Marks," as those terms are defined in

1

ACTIVE 710217245v2

Plaintiffs' Complaint). Plaintiffs allege in their Complaint that Defendants' actions constitute federal trademark counterfeiting and infringement under 15 U.S.C. § 1114; false designation of origin under 15 U.S.C. § 1125(a); common law trademark infringement; common law unfair competition; violation of the Georgia Uniform Deceptive Trade Practices Act; trademark dilution in violation of the Georgia Antidilution Act. Having reviewed the Complaint, motion for temporary restraining order and order to show cause for a preliminary injunction, motion for expedited discovery, and the briefs and supporting declarations in support of such motions, the Court finds:

1.      Plaintiffs are likely to succeed in showing that Defendants have used and are continuing to use counterfeits or infringing copies of Plaintiffs' Marks in connection with the manufacture, distribution, advertisement, and sale of counterfeit SOLV WELLNESS branded ELLURA cranberry supplements in this judicial district and elsewhere in the United States.

2.      The continued manufacture, distribution, advertisement, and sale of counterfeit SOLV WELLNESS branded ELLURA cranberry supplements bearing counterfeit and/or infringing labels will result in immediate and irreparable injury to Plaintiffs if a temporary restraining order does not issue.

3.      Plaintiffs' harm from denial of the requested temporary restraining order outweighs the harm to Defendants' legitimate interests, if any, against granting

ACTIVE 710217245v2

such an order.

4.      Issuance of a temporary restraining order is in the public interest, as Defendants' manufacturing and selling counterfeit unregulated supplements for human consumption presents a threat not only to Plaintiffs' brands, but also to public safety, as the supplements bearing counterfeit labels sold by Defendants also deceive Defendants' customers into believing the cranberry supplements they have purchased comply with applicable FDA, ISO and other safety and quality standards, and are the same high quality products offered by Plaintiffs when they are not.

THEREFORE, IT IS HEREBY ORDERED that Defendants show cause on the ___ day of _____ 2025 at _____ or as soon thereafter as counsel can be heard, in _____, located at _____, why an Order pursuant to Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act should not be issued preliminarily enjoining them, their agents, servants, employees, officers and all other persons in active concert or participation with them pending the final hearing and determination of this action from directly or indirectly:

(i)   using any of Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' Marks in connection with the manufacturing, sale, offering for sale, or distribution of cranberry supplement products in the United States;

3

(ii)  using any of Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' Marks in any manner likely to cause others to believe that Defendants' products are connected with Plaintiffs or are genuine SOLV WELLNESS or ELLURA products, if they are not;

(iii) passing off, inducing, or enabling others to sell or pass off any merchandise which is not genuine SOLV WELLNESS or ELLURA merchandise as and for genuine SOLV WELLNESS or ELLURA merchandise;

(iv)  making any false or misleading statements regarding Plaintiffs, Defendants or Plaintiffs' respective goods, or the relationship between Plaintiffs and Defendants;

(v)   committing any other acts calculated to cause purchasers to believe that Defendants' products are genuine SOLV WELLNESS or ELLURA products, if they are not;

(vi)  importing, shipping, delivering, holding for sale, distributing, returning, transferring, or otherwise moving or disposing of in any manner such supplements or packaging falsely bearing one or more of Plaintiffs' Marks or any reproduction, counterfeit, copy, or colorable imitation of the same; and

4

(vii) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above paragraphs (i) through (vi).

IT APPEARING to the Court that Defendants are using counterfeits and/or infringing copies of Plaintiffs' Marks in connection with the manufacture, distribution, offer for sale and/or sale of cranberry supplements, and will continue to carry out such acts unless restraining by the Order of this Court,

IT IS HEREBY ORDERED, that pending the hearing on Plaintiff' application for a preliminary injunction, Defendants, their agents, servants, confederates, attorneys and any persons acting in concert or participation with them, or having knowledge of this Order by personal service or otherwise be, and they are hereby temporarily restrained from:

(1) committing any of the acts set forth in subparagraphs (i)-(vii) above;

(2) moving, destroying, or otherwise disposing of any cranberry supplements, labels, boxes, or other items, or documents bearing, relating to or used for reproducing Plaintiffs' Marks, or any reproduction, counterfeit, copy or colorable imitation thereof; or

(2) removing, destroying or otherwise disposing of any business records or documents, including electronic business records, hard drives, thumb drives, mobile devices, computers, or data stored on a computer, server,

or in a cloud-based storage system, including email data, website data, relating to or used for the reproduction and/or use of Plaintiffs' Marks (or any reproduction, counterfeit, copy, or colorable imitation thereof) in connection with the manufacture, acquisition, purchase, distribution, offering for sale or sale of goods.

IT IS FURTHER ORDERED that Defendants shall sequester and deliver to counsel for Plaintiffs all labels, packaging and containers bearing counterfeit or non-original copies of Plaintiffs' trademarks and all cranberry supplements bearing counterfeit or non-original copies of Plaintiffs' trademarks to be examined and held by Plaintiffs' counsel as substitute custodian of the Court until further order of this Court.

IT IS FURTHER ORDERED that, in accordance with Rule 64 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116(a), and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, Defendants, and their officers, servants, employees and agents and any persons in active concert or participation with them, and any banks, savings and loan associations or other financial institutions, or agencies which engage in the transfer of real property, who receive actual notice of this order by personal service or otherwise, are temporarily restrained and enjoined from transferring, disposing of, or secreting any money, stocks or other assets of Defendants, without prior

6

approval of the Court, except as to a Defendant that files with the Court and serves upon Plaintiff's counsel:

(1)     an accounting of such Defendant's assets (a) having a value of one thousand dollars ($1,000) or more, or (b) include the proceeds of sales of items bearing the Plaintiffs' trademarks, and the location and identity thereof; and

(2)     uncontradicted documentary proof accepted by Plaintiffs, such acceptance not to be unreasonably withheld, that particular assets are not proceeds of any Defendant's counterfeiting activities, in which case those particular assets shall be released to such Defendant.

Plaintiffs may serve a copy of this order on third parties which may hold funds or assets subject to the asset freeze.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in effect until the date for hearing on the Order to Show Cause set forth above, or such further dates as set by the Court, unless Defendants stipulate, or have not objected, to the Preliminary Injunction.

IT IS FURTHER ORDERED that Defendants' answering papers, if any, shall be filed with the Clerk of this Court and served upon the attorneys for Plaintiffs by delivering copies thereof to the offices of Greenberg Traurig LLP, 3333 Piedmont Road, NE, Suite 2500, Atlanta, GA 30305, to the attention of Steven Rosenewasser

ACTIVE 710217245v2

and Cameron Nelson, and to the offices of Smith, Gambrell & Russell, LLP, 1105 W. Peachtree St., NE, Suite 1000, Atlanta, Georgia  30309, to the attention of Elizabeth G. Borland and Anthony L. Cochran, or by delivering copies electronically to nelsonc@gtlaw.com, Steven.Rosenwasser@gtlaw.com, eborland@sgrlaw.com, and acochran@sgrlaw.com before _____ a.m/p.m. on _____, 2025.  Any reply shall be filed and served by Plaintiffs on the Defendants at the hearing.

IT IS FURTHER ORDERED that discovery may begin immediately.

Plaintiffs may serve written discovery contemporaneous with service of the Court's order. Defendants shall respond to that written discovery within five (5) days.

Plaintiffs may also take depositions of Defendants, on an expedited basis, provided that Defendant has had at least five (5) days to retain counsel after receiving this Order.

Plaintiffs may, contemporaneous with service of the Court's Order, issue subpoenas to third parties, including financial institutions and companies believed to have information relating to Defendants' purchase and sale of goods bearing counterfeit marks, including but not limited to Walmart.com and UPS.

Defendants shall, within ten (10) days of service of this Order, file a report with the Court describing in substantial detail the actions they have taken to comply

ACTIVE 710217245v2

with this Order.

IT IS FURTHER ORDERED THAT Plaintiffs may serve this order via electronic mail at the email addresses associated with the Walmart.com stores selling the counterfeit products, and any other email addresses connected to those stores that Plaintiffs learn of.

IT IS FURTHER ORDERED THAT Plaintiffs shall post a bond with the Clerk of Court in the amount of $_____ within ten (10) days of this Order.

Defendants are hereby given notice that failure to attend the hearing scheduled herein may result in immediate issuance of the requested Preliminary Injunction. Defendants may be deemed to have actual notice of the issuance and terms of such Preliminary Injunction, and any act by them or any one of them in violation of any of the terms the Solv Wellness/Pharmatoka (Ellura) v. Does Order Granting TRO, Expedited Discovery, and Order to Show Cause for Preliminary Injunction may be considered and prosecuted as contempt of court.

IT IS ORDERED in Atlanta, Georgia on at _____ _.m. this ____ of April 2025.

_____
UNITED STATES DISTRICT JUDGE

9